(116 So. 812)

## BROWN v. STATE. (1 Div. 766.)

Court of Appeals of Alabama. May 8, 1928.

Harry H. Smith, of Mobile, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

BRICKEN, P. J. Upon an indictment charging her with murder in the first degree this appellant was convicted of murder in the second degree and was duly sentenced to imprisonment in the penitentiary for 20 years. The undisputed evidence disclosed that Zollie Griffin, the deceased named in the indictment, died as a result of knife wounds inflicted upon him by this appellant. Appellant relied upon self-defense.

The exceptions reserved to the oral charge of the court are without merit. The charge as a whole was full, explicit, and fair to defendant. Such of the refused charges as properly stated the law were fairly and substantially covered by the oral charge and those "given" at the request of defendant.

The killing complained of by the indictment being admitted, one of the material inquiries upon this trial was whether or not such killing was done with malice. The indictment as framed charged the several degrees of homicide known to the law in this state. The jury by their verdict found that malice existed, as their verdict was for murder in the second degree—as to which malice is an essential ingredient. In reaching a conclusion as to whether there was malice upon the part of the accused, the jury, as upon all other questions for their consideration, should be confined to legal evidence only; conclusions, deductions, or opinions of a witness should not be allowed to go to the jury for consideration upon any material matter. In the instant case, over objection and exception of defendant, state witness Stafford, the arresting officer, was allowed to testify:

"I asked her did she know she killed Zollie Griffin, and she kind of laughed about it and said she cut him."

Also, later on, he was likewise permitted to testify, "She laughed because she cut him." These statements were mere conclusions of the witness, and, as stated, the defendant's case should not have been thus burdened.

We are of the opinion that appellant's insistence in this connection must be sustained. The appellant strenuously insists that:

"These rulings on the part of the court were very prejudicial to the defendant because the police officer was permitted to impose on the jury his conclusions that the defendant was so callous as to laugh over the fact that she had killed the deceased."

This same witness also volunteered the statement that, "The defendant just laughed about killing the deceased, and thought it was funny." The court properly excluded the statement, "And thought it was funny," but it is manifest that the statement was highly prejudicial and, though excluded, had that effect upon the jury. Of similar import was the testimony of state witness Sarah Robertson wherein she volunteered the statement, "I believed she would cut him, because I know she would cut people." This was highly improper and prejudicial, and the mere exclusion by the court was not, in our opinion, sufficient to eradicate its hurtful effect.

The insistence by defendant that she was entitled to the affirmative charge cannot be sustained. The facts presented a jury question, and the rulings of the court complained of, other than those hereinabove discussed, appear to be free from prejudicial error.

Reversed and remanded.